UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DUNNING VALLEJO & MACDONALD LLP, Petitioner, -against- NOVEL ENERGY SOLUTIONS, LLC, Respondent. | : | **ORDER GRANTING MOTION TO CONFIRM ARBITRAL AWARD** 26 Civ. 6885 (AKH) |

ALVIN K. HELLERSTEIN, U.S.D.J.:

Petitioner Dunning Vallejo & Macdonald LLP ("DVM") filed a petition ("Petition") and accompanying motion to confirm an arbitration award pursuant to Section 9 of the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16. After Respondent Novel Energy Solutions, LLC ("Novel") failed to file an answer to Petitioner's original demand for arbitration to recover the unpaid fees and costs, Petitioner filed a motion for summary disposition in the arbitration. Pet. ¶¶ 16-18. The Arbitrator, Laurie A. Stanziale, entered an award of $463,243.74 in damages, fees, costs, and interest against the Respondent. Pet. ¶ 20-25. The Respondent has not opposed this Petition. For the reasons explained below, the Petitioner's Petition to confirm their arbitration award is GRANTED.

The following uncontested facts are taken from the Petition and supporting memorandum ("Mem."). The Court has diversity jurisdiction, and the Petition is timely under 9 U.S.C. § 9 because the parties agreed to entry of judgment on the award and Petitioner sought confirmation within one year of the July 1, 2026 award (the "Award"). Pet. ¶¶ 8, 31; Mem. at 4–6.

On January 28, 2025, Respondent retained Petitioner as counsel in an unrelated matter under an engagement agreement (the "Engagement Agreement") that requires Respondent

to pay Petitioner's monthly statements upon receipt. Pet. ¶ 12; Mem. at 2. Section 6 requires arbitration before the American Arbitration Association ("AAA") of any claim "arising out of or relating to" the Engagement Agreement and provides that "judgment on the award . . . may be entered in any court having jurisdiction thereof." Pet. ¶ 13. In November of 2025, Respondent owed the Petitioner $319,400 in unpaid legal fees and costs and Petitioner filed an AAA demand, later adding two invoices issued during the arbitration. Pet. ¶¶ 14–15. Laurie A. Stanziale, Esq. was appointed sole arbitrator. Pet. ¶¶ 2. Respondent said they intended to settle, but never paid, answered, or participated, and Petitioner moved for summary disposition. Pet. ¶¶ 16–18.

After reviewing Petitioner's demand for arbitration, motion for summary disposition, and supporting papers, the Arbitrator issued the Award on July 1, 2026, ordering Respondent to pay Petitioner damages in the amount of $365,741.75. Pet. ¶ 20-22. The Award also ordered Respondent to pay Petitioner's reasonable attorneys' fees and costs incurred in connection with the arbitration in the amount of $58,192.50, AAA administrative fees in the amount of $15,160.00, pre-award interest at the rate of 9% *per annum* on each unpaid invoice through July 1, 2026, totaling $24,149.49, and post-award interest at 9% thereafter until paid. Pet. ¶¶ 25–26. Respondent did not pay by the July 31, 2026 deadline, or respond to Petitioner's request for voluntary compliance, Pet. ¶¶ 27–28, leaving Petitioner no other option than to submit this petition. Pet. ¶ 28.

Petitioner filed the Petition and accompanying Memorandum of Law to Confirm the Arbitration Award on August 12, 2026. Respondent has not appeared in this action and has not opposed the Petition.

"[T]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co. v.*

*Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). Therefore, an award must be confirmed even if there is only "a barely colorable justification for the outcome reached." *Id.* (quoting *Landy Michaels Realty Corp.* v. *Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)).

For the aforementioned reasons, Petitioner's motion is GRANTED. The Clerk of Court shall enter a judgment in favor of Petitioner in the amount of $463,243.74 plus any additional interest and costs.

The Clerk shall terminate the motion (Dkt. No. 5)

SO ORDERED.

Dated: September 29, 2026
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge